## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

VERA INSTITUTE OF JUSTICE, et al.,

*Plaintiffs, on behalf of themselves and all others similarly situated,*

v.

UNITED STATES DEPARTMENT
OF JUSTICE, et al.,

*Defendants.*

Case No. 1:25-cv-01643

## JOINT STATUS REPORT

Pursuant to the Court's May 23, 2025, Minute Order, the parties file the following status report setting forth each party's position regarding a briefing schedule on Plaintiffs' motion for a preliminary injunction and motion for class certification:

**Plaintiffs' Position**: The parties conferred about a briefing schedule on May 23 and again on May 27. As Plaintiffs describe in their motion for a preliminary injunction, they are facing ongoing and irreparable harms from Defendants' abrupt termination of their grant funding. *See* Dkt. 11-1 at 6–11, 36–38. Plaintiffs have had to abruptly cancel programs that provide critical, life-saving programs in their communities; they have had to lay off staff; and without a reinstatement of funding, many programs will be eliminated completely. Given the devastating impacts that the termination of funding has already had on Plaintiffs and the communities that they serve, Plaintiffs respectfully request that the Court set forth a briefing schedule that aligns with the local rules. Accordingly, Plaintiffs propose the following briefing schedule:

- **May 29, 2025** – Defendants' combined opposition to Plaintiffs' motion for preliminary injunction, and opposition to class certification
- **June 5, 2025** – Plaintiffs' replies in support of the motions for preliminary injunction and class certification.
- **Week of June 9, 2025** – Hearing on Plaintiffs' motions

Defendants indicated that they intend to file a combined motion to dismiss and opposition to Plaintiffs' preliminary injunction and class certification motions, and have proposed a briefing schedule that affords them 21 days to respond to Plaintiffs' motion for a preliminary injunction—14 days longer than the default prescribed by the Court's local rules.  *See* LCvR 65.1(c).  Plaintiffs are not opposed to Defendants filing a combined response to Plaintiffs' motion for a preliminary injunction, Dkt. 11, and motion to provisionally certify a class, Dkt. 10.  However, Defendants' justifications as to why they require an additional 14 days to respond to Plaintiffs' motions do not support their request.

*First*, Defendants' position that the additional time "causes no undue prejudice to Plaintiffs" ignores the multiple irreparable harms described in Plaintiffs' preliminary injunction motion.  While Defendants lament that "Plaintiffs seek to certify a class of 'hundreds of award recipients,' each of which have been granted an award (or multiple awards) carrying unique terms and conditions," Defendants terminated all of these awards with a single stroke.  The fact that Defendants must now "consult with their agency clients" and "obtain necessary supporting documentation" to justify that action is insufficient grounds for Defendants' attenuated schedule.

*Second*, Plaintiffs did not delay in seeking a preliminary injunction.  In making this argument, Defendants speak out of both sides of their mouths.  On one hand they decry the length of Plaintiffs' briefing, number of and length of declarations and exhibits, and complexity of the issues raised, while on the other proclaim that Plaintiffs took too long to put those things together.  Defendants' cited authority, *Dallas Safari Club v. Bernhardt*, 453 F. Supp. 3d 391, 403 (D.D.C. 2020) is vastly distinguishable from what happened here. In that case, the plaintiffs waited over two years to file suit and then waited nearly an additional two months to seek emergency relief.[1]  Here, every

---

[1] The case cited in *Dallas Safari, Fund for Animals v. Frizzell*, 530 F.2d 982, 987–88 (D.C. Cir. 1975), where the court found

proposed class member but Plaintiff Vera received their termination notices on April 22, 2025, and Plaintiffs filed their Complaint and motion for class certification on May 21 and motion for preliminary injunction on May 22.  That is not undue delay.

*Third*, Defendants provide no reason why choosing to forego a likely fruitless administrative appeal should militate against emergency relief.  There is no relevant statute requiring such review and "where the APA applies, an appeal to 'superior agency authority' is a prerequisite to judicial review *only* when expressly required by statute or when an agency rule requires appeal before review and the administrative action is made inoperative pending that review."  *Darby v. Cisneros*, 509 U.S. 137, 154 (1993) (emphasis in original).  Moreover, because Defendants provided virtually no justification for their mass terminations, Plaintiffs had no basis to "explain[] to the awarding agency why they believed their grants were terminated in error."  And the decision to terminate the grants en masse makes plain the likely futility of pursuing administrative relief — unlike an individual termination that may have been the result of mistake or miscommunication, here, there is no reason to believe Defendants would revisit this decision.

*Fourth*, while Plaintiffs appreciate Defendants' agreement not to re-obligate funds for the terminated grants, Defendants have *not* agreed to reverse the award terminations at issue in this case, they are not, in fact, preserving the status quo as they claim.  Therefore, their agreement does not support their request for a lengthy briefing schedule.

**Defendants' Position**:

Defendants respectfully propose the following schedule:

---

the issues to be "as practical matter . . . 'pretty well over'" by the time the case was argued, is similarly different from this one.

- Defendants shall, by June 13, 2025, file a (1) combined motion to dismiss and opposition to Plaintiffs' motion for preliminary injunction, and (2) opposition to class certification.

- Plaintiffs shall, by June 20, 2025, file any replies in support of the motions for preliminary injunction and class certification.

- Defendants shall, by June 27, 2025, file any reply in support of their motion to dismiss.

*First*, Defendants' proposed schedule is reasonable under the circumstances and causes no undue prejudice to Plaintiffs. A modest extension of the default schedule will provide Defendants' counsel with a reasonable amount of time to consult with their agency clients, obtain necessary supporting documentation, and simultaneously prepare opposition papers to the motion for class certification and motion for preliminary injunction. Defendants' requested schedule is appropriate given the scope of the issues raised by Plaintiffs' motions and complexity of the filings—in particular, Plaintiffs' 41-page memorandum in support of injunctive relief is accompanied by more than 400 pages of exhibits, and Plaintiffs seek to certify a class of "hundreds of award recipients," each of which have been granted an award (or multiple awards) carrying unique terms and conditions. ECF 10 at 11.

*Second*, Plaintiffs' unexplained delay in bringing this suit supports allowing Defendants a reasonable amount of time to respond to Plaintiffs' motions. Plaintiffs' grants were terminated between April 4 and April 22—but they pursued no administrative appeal whatsoever, and they waited at least a full month to file this suit and did not move for injunctive relief until May 22. This unexplained delay in seeking extraordinary relief—or, indeed, any relief—undercuts Plaintiffs' claims of irreparable injury and request for a highly expedited schedule. As this Court has recognized, "an unexcused delay in seeking extraordinary injunctive relief . . . implies a lack of urgency and irreparable harm," and, indeed, "may be grounds for denial." *Dallas Safari Club v. Bernhardt*, 453 F. Supp. 3d 391,

403 (D.D.C. 2020) (cleaned up) (Mehta, J.); *see also id.* ("The D.C. Circuit has held that a delay of forty-four days before bringing action for injunctive relief was 'inexcusable,' and 'bolstered' the 'conclusion that an injunction should not issue,' particularly where the party seeking an injunction had knowledge of the pending nature of the alleged irreparable harm.").

*Third*, Plaintiffs' decision to forgo the administrative appeal process available to them, which could well have obviated any potential basis for judicial involvement, undermines Plaintiffs' claim that this matter be heard on an emergency schedule. Plaintiffs acknowledge that "the termination letters afford[ed] terminated grantees a post-deprivation opportunity for an administrative appeal." ECF 11-1 at 32. Specifically, consistent with 2 C.F.R. § 200.342, each terminated grantee was given 30 days to submit an administrative appeal explaining "any disputed factual, legal or other issues." ECF 11-3 at 74 (Center for Children & Youth Justice Notice of Termination). But instead of explaining to the awarding agency why they believed their grants were terminated in error, Plaintiffs leapfrogged the appeals process and (after waiting a month or more) now request that this Court grant extraordinary relief on an emergency basis. Plaintiffs' highly expedited schedule is not justified in these circumstances.

*Last*, Defendants represent that they will not re-obligate any of the funds for the 373 terminated grants at issue in this case until this Court resolves Plaintiffs' motion for preliminary injunction. Moreover, the funds appropriated for the terminated grants are drawn from "no year" appropriations, meaning the funds will remain available indefinitely until expended, regardless of the fiscal year. Consequently, there is no risk that the funds at issue in this case will be provided to another grantee or expire during the Court's consideration of Plaintiffs' motion for preliminary injunction. Under these circumstances, where Defendants have taken reasonable steps to preserve the status quo to ensure that the challenged funds will remain available to Plaintiffs and the putative class pending this Court's resolution of the motion for preliminary injunction, Defendants

respectfully request that this Court enter an order consistent with Defendants' proposed schedule.

Dated: May 28, 2025

Respectfully submitted,

*/s/ Jennifer Fountain Connolly*
JENNIFER FOUNTAIN CONNOLLY
(D.C. Bar No. 1019148)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Telephone: (202) 448-9090
Fax: (202) 796-4426
jconnolly@democracyforward.org

*Counsel for Plaintiffs*