# Exhibit 1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VERA INSTITUTE OF JUSTICE, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-CV-01643-APM |

## DECLARATION OF MAUREEN A. HENNEBERG

I, MAUREEN A. HENNEBERG, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am the Deputy Assistant Attorney General for Operations and Management for the Office of Justice Programs within the United States Department of Justice at Washington, D.C. I have served the Office of Justice Programs (OJP) in this role since February 2015, having served in the role in an acting capacity during the year preceding then. In this position, I advise the agency on management and operational issues and oversee the work of all OJP business offices, including the Office of the Chief Financial Officer; the Office of Administration; the Office of Audit, Assessment, and Management; the Office of the Chief Information Officer; the Office of Communications; and the Office of Equal Employment Opportunity. Additionally, since January 20, 2025, I have been the "Supervisory Official" over OJP, with the authority to perform all the functions of the Assistant Attorney General for OJP, except those that are required, by statute or regulation, to be performed personally by that officer. In this latter capacity, I work closely with Department leadership—*i.e.*, with Administration officials in its leadership offices (the Office of the Attorney General, the Office of the Deputy Attorney General, and the Office of the Associate Attorney General)—from whom I receive policy guidance and supervision, which I communicate to, and implement within, OJP.

2. This declaration is based on my personal knowledge and information made available to me in the course of performing my official duties.

3. The purpose of this declaration is to provide information in support of Defendant's Motion to Dismiss and Opposition to Plaintiffs' Motion for Preliminary Injunction.

4. Among OJP's principal functions are making, administering, and closing out grant awards. It is the largest grantmaking component of DOJ, and it, among other ways, advances DOJ's mission in part by making thousands of discretionary, competitive grant agreements to state and local law enforcement agencies, as well as to community-based and other non-governmental entities.

5. In making discretionary grant awards—*i.e.*, those where the scope, format, and eligible recipients are not prescribed by statute—OJP exercises discretion, consistent with applicable law, based on agency and Administration priorities. OJP generally exercises that discretion, in part, through a competitive application process.

6. After an applicant is selected to enter a grant agreement, OJP sends an Award Instrument to the applicant that includes an Award Offer and Award Conditions. An Award is not effective until that offer is accepted by the applicant, who, thereafter, is known as the grant award recipient.

7. With respect to open grant awards, for award payments OJP uses the Department of the Treasury's Automated Standard Application for Payments (ASAP). Among other things, ASAP allows OJP grant award recipients to draw funds down securely from pre-authorized accounts established by OJP.

8. All OJP grant awards contain a condition that the "recipient agrees to comply with the DOJ Grants Financial Guide." The DOJ Grants Financial Guide, III. Postaward Requirements, 3.1 Payments, provides as follows:

> In order to timely close out financial records at the end of each month, DOJ will temporarily suspend all open ASAP accounts in order to meet the federal financial statement reporting requirements for the Office of Management and Budget. For each month except September, access will not be available for the last 3 business days. For September (fiscal year end) access will not be available for the last 5 business days. All DOJ recipients should withdraw necessary funds prior to the cutoff day each month.

9. As part of normal operations, in accordance with the published Guide, OJP routinely suspends ASAP account access (for its grant award recipients) for the last three business days of the month (or the last five business days in September). During those days, recipients that attempt to draw funds down through ASAP receive an "Error 839: No accounts found matching criteria" message and are not able to draw such funds down.

10. OJP routinely suspended ASAP account access for all of its grant award recipients at the end of February 2025 and March 2025; given the April terminations that are the subject of the litigation, however, OJP opted not to suspend ASAP access at the end of that month, in hopes of avoiding potential confusion among recipients of non-terminated awards. Outside of routine suspensions, OJP did not suspend ASAP access in February or March for any terminated grant recipient, including Plaintiffs, prior to sending notice of termination.

11. All OJP grant awards contain a condition that expressly incorporates and applies (as award requirements) pertinent DOJ federal grants administrative regulations, including the Uniform Administrative Requirements, Cost Principles, and Audit Requirements for Federal Awards in 2 C.F.R. Part 200, as adopted (into regulatory effect) and supplemented by DOJ in 2 C.F.R. Part 2800.

12. In order to accept an offer of a grant *award* from OJP, an authorized representative of the applicant with sufficient authority to enter into the grant award agreement on behalf of the applicant and legally bind the applicant to adhere to the award conditions must electronically sign and accept the award offer in JustGrants. JustGrants is the grants management system developed by the Department that OJP uses to manage and maintain records pertaining to all OJP grant awards throughout the grants lifecycle.

13. During the performance period, the decision of when to request any drawdown of funds is within the discretion of the recipient. For example, OJP's records show that the last drawdown from the Vera Institute of Justice, Inc., was on January 28, 2025.

14. On occasion, the Department takes action that results in the termination, denial, or reduction of grant award funding; sometimes, those actions are appealed administratively. OJP has identified 25 appeals of Department determinations to reduce grant funding (to or deny such funding to otherwise-eligible entities) that the Department resolved administratively from the beginning of FY 2017 to present (essentially covering the last two Presidential Administrations); of those, 12 were either sustained—reversing the initial Department action—or otherwise informally resolved, typically in direct cooperation with the appellant.

15. In the ordinary course, when an open award's period of performance ends (either naturally or pursuant to termination), a phase of activity (commonly called "closeout," detailed at 2 C.F.R. § 200.344) commences during which the grant award recipient and OJP complete the administrative actions encompassing the final financial reconciliation of authorized expenses and payments and the submission of final award deliverables; the award is closed out once these administrative actions have been completed, and OJP then de-obligates remaining balances (if any) from the closed award.

16. As part of the close out process for the grant awards terminated in April 2025, the Department has established a procedure for grant award recipients to obtain reimbursement for qualified expenses that they incurred, respectively, before the grant award terminations took effect. Recipients currently have the ability to submit qualifying claims for reimbursement, and the Department will take reasonable and appropriate steps to review those claims and remit payment for any qualified expenses. That is, the April award terminations apply prospectively and do not prevent recipients of terminated awards from receiving money they are due, respectively, for the qualifying expenses incurred before the termination.

17. The funding sources for the vast majority of OJP grant awards are "no year" appropriations, which remain available indefinitely, until expended, regardless of fiscal year and thus may be reobligated, at any time, subject to pertinent laws (if any) restricting obligation. When, on occasion, OJP makes awards with funds from other agencies, those funds may (or may

not) be derived from "no year" appropriations and are subject, in any event, to any pertinent laws governing reobligation. The discretionary awards that Plaintiffs challenge are funded either by OJP's annual "no year" lump-sum appropriations between fiscal year 2021 and 2024, *see*, *e.g.*, Department of Justice Appropriations Act, 2023, Pub. L. No. 117-328; 136 Stat. 4459, 4533–4541 (Dec. 29, 2022), or by OJP's permanent "no year" lump-sum appropriation from the Crime Victims Fund, *see* 34 U.S.C. § 20203(c)(1)(A).

18. In mid-February 2025, there were more than 11,000 open OJP grant awards. At about that time, Department leadership began an iterative process with OJP, focusing on the possibility of termination of particular OJP awards, grounded in consideration of whether (based on their individual project descriptions) they effectuated the Department's priorities, which, as articulated by Department leadership over the course of this process, included those of directly supporting certain law enforcement operations, combatting violent crime, protecting American children, and supporting American victims of trafficking and sexual assault, and better coordinating law enforcement efforts at all levels of government. This process involved individualized review of open grant awards to determine whether they furthered current Department priorities. Within a few weeks of commencement of this individualized review process, the number of awards under active focus by Department leadership had dropped to approximately 2,200.

19. On different occasions in the month of April 2025, OJP was directed to terminate 376 individual, specifically identified discretionary grant awards (to 219 recipients), on the basis of the Department determination that they "no longer effectuate[d] Department priorities." Pursuant to such direction, between April 4 and April 22, OJP terminated each such award and sent notice of the termination to each pertinent party.

20. Each notice explained the reasons for termination, as well as the regulatory and contractual basis for immediate termination. In particular, each notice explained that the award was being terminated under 2 C.F.R. § 200.340(a)(4) because the award was determined to "no longer effectuate the program goals or agency priorities." Each notice further explained that the Department "had changed it priorities with respect to discretionary grant funding to focus on, among other things, more directly supporting certain law enforcement operations, combatting violent crime, protecting American children, and supporting American victims of trafficking and sexual assault, and better coordinating law enforcement efforts at all levels of government."

21. Within a few days of the termination of 14 of the awards (to 13 recipients), respectively (following the Department's further review of those awards and its determination that they did, in fact, advance its priorities), OJP was directed to rescind the same, which it promptly did. I understand that the subject of this litigation is the termination of 357 awards, including those made to the named Plaintiffs, out of the 362 terminations that remain in place.

22. Each recipient of a termination notice was given at least 30 calendar days within which to file an administrative appeal of the termination, stating the argument that formed the basis of the appeal and "any disputed factual, legal or other issues"; an opportunity to request a waiver of the deadline also was afforded.

23. None of the named Plaintiffs filed an administrative appeal; nor did any of them seek a waiver of the deadline within which to file such an appeal.

24. 139 award recipients filed timely administrative appeals, relating to the terminations of 225 individual awards.

25. The administrative appeals are under consideration within the Department on a rolling basis, and, as of the date of this declaration, 3 of them have been sustained by the Department—reversing the terminations—and 1 has been denied (in total, to 2 award recipients); notice of these actions on appeal has been sent to the pertinent parties.

26. Following the resolution of Plaintiffs' motion for preliminary injunction, the Department will, consistent with statutory requirements and Department directives, reobligate any remaining funds which had previously been allocated under the terminated grant agreements at issue in this case. The Department recognizes that it is statutorily required to obligate the funding that has been specifically appropriated and fully intends to comply with that obligation consistent with statutory requirements.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 9th day of June, 2025.

*[Signature: MA Henneberg]*

Maureen A. Henneberg
Deputy Assistant Attorney General for
    Operations and Management
Office of Justice Programs