IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Vera Institute of Justice, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. Department of Justice, et al.,<br><br>*Defendants*. | Civil Action 1:25-cv-1643-APM |

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF AMERICA FIRST LEGAL FOUNDATION AS *AMICUS CURIAE* IN OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL (DOC. 52)**

Under Local Civil Rule 7(o), America First Legal Foundation (AFL) moves for leave to file a brief as *amicus curiae* in opposition to Plaintiffs' emergency motion for an injunction pending appeal (Doc. 52). The parties do not oppose this motion.

AFL is a nonprofit organization dedicated to promoting the rule of law in the United States by ensuring due process and equal protection for every American citizen and encouraging understanding of the law and individual rights guaranteed under the Constitution and laws of the United States. AFL has a substantial interest in this case. Ensuring compliance with the Constitution's division of powers—and its limitations on the judicial power—is a core institutional interest at the heart of its mission.

AFL's proposed brief will support the Defendants' position and oppose the emergency relief requested by the Plaintiffs. The brief is necessary as it discusses

issues relevant to the outcome of the Plaintiffs' motion that are not within the Court's July 11, 2025 Order to the government to brief. As set forth in the attached proposed brief, AFL presents significant additional arguments for the Court's consideration. First, AFL explains the significance of this Court's prior holding that it lacks authority to grant relief on the merits and that the Plaintiffs otherwise fail to state a claim. Second, AFL explains the mismatch between the alternative relief suggested by the Court and the Plaintiffs' irreparable harm showing. Third, AFL explains that any grant of the Plaintiffs' relief should include a requirement to post bond to secure taxpayers' interests.

Thus, the brief adds pertinent arguments on issues central to the proper resolution of this case. "[C]ourts should welcome amicus briefs for one simple reason: '[I]t is for the honour of a court of justice to avoid error in their judgments.'" *Lefebure v. D'Aquilla*, 15 F.4th 670, 675 (5th Cir. 2021). "No benefit would be served by depriving the [C]ourt of the opportunity to engage with" the arguments presented in this brief. *Id.* at 674. "[T]o the contrary, that would contradict the whole point of our adversarial legal system." *Id.*

As then-Judge Alito put it, "[i]f an *amicus* brief that turns out to be unhelpful is filed, the [Court], after studying the case," can "simply disregard" it. *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002). "On the other hand, if a good brief is rejected, the [Court] will be deprived of a resource that might have been of assistance." *Id.*; *see also Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 567 (1st Cir. 1999) ("[A] court is usually delighted to hear

additional arguments from able amici that will help the court toward right answers.").

For these reasons, propose *amicus curiae* respectfully requests that the Court grant this motion and direct the clerk to file the attached brief.

                                                           Respectfully submitted,

                                                         */s/ Christopher Mills*

DANIEL EPSTEIN                                CHRISTOPHER MILLS
ANDREW BLOCK                                 D.D.C. Bar. No. SC0008
America First Legal Foundation          Spero Law LLC
611 Pennsylvania Ave. SE #231          557 East Bay St. #22251
Washington, DC 20003                     Charleston, SC 29413
(202) 964-3721                                     (843) 606-040
daniel.epstein@aflegal.org                 cmills@spero.law

JULY 15, 2025