IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Vera Institute of Justice, et al.,

    *Plaintiffs*,

v.

U.S. Department of Justice, et al.,

    *Defendants*.

Civil Action 1:25-cv-1643-APM

**BRIEF OF AMERICA FIRST LEGAL FOUNDATION AS *AMICUS CURIAE*
IN OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR
INJUNCTION PENDING APPEAL (DOC. 52)**

DANIEL EPSTEIN
ANDREW BLOCK
America First Legal Foundation
611 Pennsylvania Ave. SE #231
Washington, DC 20003
(202) 964-3721
daniel.epstein@aflegal.org

CHRISTOPHER MILLS
D.D.C. Bar. No. SC0008
Spero Law LLC
557 East Bay St.
#22251
Charleston, SC 29413
(843) 606-040
cmills@spero.law

*Counsel for Plaintiff*

**CORPORATE DISCLOSURE STATEMENT**

America First Legal Foundation is a nonprofit corporation that does not have a parent corporation and is not publicly held. No publicly owned corporation owns 10% or more of its stock.

## TABLE OF CONTENTS

Interest of *Amicus Curiae* ................................................................................................ 1

Introduction ...................................................................................................................... 1

Argument .......................................................................................................................... 3

I.  The Plaintiffs lack a likelihood of success on the merits, as this Court has already held. ............................................................................................................ 3

II. The Court's alternative relief would not prevent the Plaintiffs' alleged irreparable harm. ................................................................................................... 5

III. If the Court grants the Plaintiffs' desired relief, it should require a bond in the full amount demanded by the Plaintiffs. ............................................................. 8

Conclusion ........................................................................................................................ 9

**INTEREST OF *AMICUS CURIAE***

America First Legal Foundation is a nonprofit organization dedicated to promoting the rule of law in the United States by ensuring due process and equal protection for every American citizen and encouraging understanding of the law and individual rights guaranteed under the Constitution and laws of the United States. AFL has a substantial interest in this case. Ensuring compliance with the Constitution's division of powers—and its limitations on the judicial power—is a core institutional interest at the heart of its mission.[1]

**INTRODUCTION**

This Court recently held that the Plaintiffs failed to state any claim or even establish this Court's jurisdiction over their primary claims. Having failed to clear the low hurdle of a motion to dismiss, the Plaintiffs necessarily cannot clear the much higher hurdle to show that they are entitled to extraordinary injunctive relief pending appeal. Their motion for that relief fails for many reasons; this brief highlights three.

*First*, this Court has already held that it lacks authority to issue the relief that the Plaintiffs demand. In the context of an injunction pending appeal, the Plaintiffs now face a higher bar to claim entitlement to relief. Given that this Court lacks authority to grant any relief on the merits, it necessarily lacks authority to grant interlocutory relief in this posture. The Court already held that the Plaintiffs failed

---

[1] No party opposes this brief. No party's counsel authored this brief in whole or in part; no party or party's counsel contributed money that was intended to fund preparing or submitting the brief; and, no person—other than the *amicus curiae*, its members, or its counsel—contributed money that was intended to fund preparing or submitting the brief.

to distinguish binding Supreme Court and D.C. Circuit precedents, and nothing in the Plaintiffs' cursory motion affects that conclusion. Thus, the Plaintiffs are not likely to succeed on the merits and no relief is appropriate.

*Second*, though the Plaintiffs' showing of irreparable harm is dubious on its own terms, it cannot justify the alternative relief suggested by the Court—an injunction against the government's re-obligation of the terminated grants to other entities. That is because the immediate harms claimed by the Plaintiffs would not result from this re-obligation—or be redressed by a prohibition on re-obligation. This mismatch between the suggested relief and the Plaintiffs' showing of irreparable harm precludes an injunction along these lines, especially since it would "halt the functions of a coordinate branch." *Trump v. Thompson*, 20 F.4th 10, 48 (D.C. Cir. 2021).

*Third*, if the Court is nonetheless inclined to grant the Plaintiffs' requested relief, a bond that would protect taxpayers is necessary. The government has already determined that funding these organizations' activities is no longer in the public interest, and it would be unfair for taxpayers to give these organizations—which claim to be on tenuous financial footing—an unsecured near-$1 billion loan.

The Court should deny the motion for an injunction pending appeal.

## ARGUMENT

I. **The Plaintiffs lack a likelihood of success on the merits, as this Court has already held.**

A plaintiff that has already failed to establish jurisdiction and state a claim cannot demonstrate a likelihood of establishing jurisdiction and stating a claim. As this Court already recognized, a plaintiff's "burden" on a motion to dismiss is "lower" than on an injunction motion—yet the Plaintiffs could not even clear the lower hurdle. *Vera Institute for Justice v. U.S. Dep't of Justice*, No. 25-CV-1643 (APM), 2025 WL 1865160, at *14 (D.D.C. July 7, 2025). And without a likelihood of success on the merits, injunctive relief—no matter how limited—cannot be granted.

As this Court explained in the analogous context of denying the Plaintiffs a preliminary injunction, "the first and most important" injunction factor "is whether the movant has established a likelihood of success on the merits." *Id.* at *5 (cleaned up). "If a plaintiff cannot show a likelihood of success on the merits, there is no need to consider the remaining factors." *Id.* (cleaned up). And "[t]he 'merits' on which a plaintiff must show a likelihood of success encompass not only substantive theories but also establishment of jurisdiction." *Id.* (cleaned up) (quoting *Obama v. Klayman*, 800 F.3d 559, 565 (D.C. Cir. 2015)).

The Plaintiffs cannot show a likelihood of success here, given that the Court already held that they could not even survive a motion to dismiss.

On the Plaintiffs' APA arbitrary-and-capricious claim, this Court held that a Supreme Court ruling "in a case substantially the same as this one" "forecloses the exercise of jurisdiction over [that] claim." *Vera*, 2025 WL 1865160, at *11. The Court

3

rightly noted that, faced with such a ruling, it "must listen." *Id.* The Plaintiffs' motion presents no reason to second-guess this obligation. Thus, "the Court has already carefully considered [the Plaintiffs'] arguments and concluded jurisdiction is lacking," and given their "inability to show a substantial likelihood of succeed on the merits, the Court need proceed no further" on this claim. *Schindler Elevator Corp. v. Washington Metro. Area Transit Auth.*, 2021 WL 663191, at *2 (D.D.C. Feb. 19, 2021).

On the Plaintiffs' APA contrary-to-law claim, this Court already explained that the "Plaintiffs fail to grapple with" the two leading "D.C. Circuit precedent[s] requir[ing] dismissal for lack of jurisdiction." *Vera*, 2025 WL 1865160, at *12–13. The Plaintiffs' "papers nowhere cite, let alone seek to distinguish, those cases." *Id.* at *13. Even now, after the Court already flagged this problem, the Plaintiffs still say nothing about these cases, or this issue at all. Thus, there is no reason to think that they are likely to succeed.

Last, the Plaintiffs also have nothing to say or dispute about the Court's merits analysis of their other claims. Given that the Plaintiffs failed to survive even a Rule 12(b)(6) motion as to those claims, they cannot meet the higher burden of showing that they are substantially likely to succeed.

As this Court recognized, "[i]t cannot act without jurisdiction or in the absence of a valid cause of action," and it cannot "exceed[] its own authority." *Id.* at *1, *18. The Supreme Court recently said much the same: "Observing the limits on judicial authority . . . is required by a judge's oath to follow the law." *Trump v. CASA, Inc.*, 2025 WL 1773631, at *14 (U.S. June 27, 2025). "'[E]veryone, from the President on

4

down, is bound by law.' That goes for judges too." *Id.* (citation omitted). Because the Court already found that it lacks jurisdiction over the only claim even mentioned by the Plaintiffs' motion, it cannot find a likelihood of success on that claim or others—much less award injunctive relief when it lacks jurisdiction.

## II. The Court's alternative relief would not prevent the Plaintiffs' alleged irreparable harm.

For injunctive relief, a plaintiff must show "that it would suffer irreparable injury if the injunction were not granted." *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006). The D.C. Circuit "has set a high standard for irreparable injury." *Id.* "First, the injury must be both certain and great; it must be actual and not theoretical." *Id.* (internal quotation marks omitted). "The moving party must show the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Id.* (cleaned up). "Second, the injury must be beyond remediation." *Id.* "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation weighs heavily against a claim of irreparable harm." *Id.* at 297–98.

Particularly relevant here, "the movant must show that the alleged harm will directly result from the action which [may be] enjoin[ed]." *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985); *see MediNatura, Inc. v. Food & Drug Admin.*, 998 F.3d 931, 945 (D.C. Cir. 2021) (asking whether the irreparable harm "is directly traceable to the" action that may be enjoined). Put another way, injunctive

5

relief is only appropriate "to remedy the harm claimed by the party." *Aviation Consumer Action Project v. Washburn*, 535 F.2d 101, 108 (D.C. Cir. 1976).

The Plaintiffs cannot make that showing as to the alternative relief proposed for the parties' consideration by the Court—"an injunction preventing the re-obligation of the terminated grant funding as to the five Named Plaintiffs." July 11, 2025 Minute Order. The irreparable harm claimed by the Plaintiffs all stems from the termination of their own awards, not whether those awards are re-obligated to other organizations. *See, e.g.*, Doc. 52 at 2 (arguing that "Defendants' terminations have forced 'the layoff of specialized staff'"); *id.* at 4 ("Stop AAPI Hate had to accelerate layoffs; cut back work with consultants who help victims; and halve its healing support programs."); *see also Vera*, 2025 WL 1865160, at *1 (explaining that the Plaintiffs "assert that their operational health and ability to fulfill their missions depend on the funds promised").

Indeed, the Plaintiffs *had* to show an immediate threat to "the very existence of [their] business[es]," for only then might "monetary loss . . . constitute irreparable harm." *Wisconsin Gas*, 758 F.2d at 674. For now, put aside that the Plaintiffs do not clearly articulate any "certain and great" existential threat to their businesses. *Chaplaincy*, 454 F.3d at 297. Put aside too that most of the alleged irreparable harms discussed by the Plaintiffs are irrelevant harms to third parties. *See* Doc. 52 at 3–4; *see also, e.g.*, *Alcresta Therapeutics, Inc. v. Azar*, 318 F. Supp. 3d 321, 326 (D.D.C. 2018) ("[I]njuries to third parties are not a basis to find irreparable harm."); *Jones v. D.C.*, 177 F. Supp. 3d 542, 546 n.3 (D.D.C. 2016) (similar).

6

An order limiting the government's re-obligation of the grants to other organizations would not alleviate the only irreparable harms that the Plaintiffs have claimed. As courts in this district have repeatedly concluded, "[i]t would make little sense for a court to conclude that a plaintiff has shown irreparable harm when the relief [proposed] would not actually remedy that harm." *Sierra Club v. U.S. Dep't of Energy*, 825 F. Supp. 2d 142, 153 (D.D.C. 2011). "A plaintiff may be irreparably harmed by all sorts of things, but the irreparable harm considered by the court must be caused by the conduct in dispute *and remedied by the relief sought*." *Id.* (emphasis added). Thus, "[t]he inquiry must be whether the plaintiff has shown that the relief [proposed] will actually prevent irreparable harm." *Id.*

The Plaintiffs have not shown—and cannot show—that restricting the government's re-obligation of the funds would do anything to redress the purportedly immediate existential crises on which their claims of irreparable injury rest. Their "inability to obtain redress from an order granting th[is] relief" "dooms [their] ability to show irreparable harm" to support this relief. *Am. Oversight v. U.S. Dep't of Justice*, 2025 WL 561144, at *5 (D.D.C. Feb. 20, 2025) (quoting *Arpaio v. Obama*, 27 F. Supp. 3d 185, 207 (D.D.C. 2014)); *see also Dehghanighanatghestani v. Mesquita*, 2022 WL 4379061, at *10 (D.D.C. Sept. 22, 2022); *Cayuga Nation v. Zinke*, 302 F. Supp. 3d 362, 373 (D.D.C. 2018); *Mott Thoroughbred Stables, Inc. v. Rodriguez*, 87 F. Supp. 3d 237, 247 (D.D.C. 2015); *Arpaio v. Obama*, 27 F. Supp. 3d 185, 207–08 (D.D.C. 2014), *aff'd*, 797 F.3d 11 (D.C. Cir. 2015); *Navistar, Inc. v. EPA*, 2011 WL 3743732, at *3 (D.D.C. Aug. 25, 2011); *Hunter v. FERC*, 527 F. Supp. 2d 9, 15 (D.D.C. 2007) (all

rejecting irreparable harm showings for similar reasons). On top of that, this relief would impermissibly "halt the functions of a coordinate branch" in obligating grant monies to projects appropriately in the public interest. *Thompson*, 20 F.4th at 48.

### III. If the Court grants the Plaintiffs' desired relief, it should require a bond in the full amount demanded by the Plaintiffs.

Federal Rule of Civil Procedure 62(d) provides for an injunction pending appeal only "on terms for bond or other terms that secure the opposing party's rights." "[B]ecause the 'costs of government are borne ultimately by taxpayers,'" the requirement to post a bond to appeal the denial of an injunction "applies no less when a 'government agency' is subject to" an injunction. *Nat'l Treasury Emps. Union v. Trump*, 2025 WL 1441563, at *3 n.4 (D.C. Cir. May 16, 2025) (quoting *Habitat Education Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 459 (7th Cir. 2010)).

Here, the Plaintiffs effectively demand nearly $1 billion in unsecured loans from federal taxpayers for work that the government has determined is no longer in the public interest—even though this Court has already held that these organizations cannot recover anything in this action. As a matter of fairness to the taxpayers whose monies would be loaned to these organizations—taxpayers whose interests merge with the government's here, *see Vera*, 2025 WL 1865160, at *5—the Court should require a bond in the full amount that the Plaintiffs demand.

Many courts have "concluded that the bonds imposed to secure [relief] pending appeal should equal at least the full amount" at issue. *Kifafi v. Hilton Hotels Ret. Plan*, No. CV 98-1517 (CKK), 2012 WL 13214321, at *4 (D.D.C. Jan. 19, 2012) (collecting cases). And that normal course makes sense here. Taxpayers would be

harmed by the diversion of funds from organizations that work in the public interest to these organizations, which the government concluded do not deserve further funding. And the Plaintiffs' own accounts of their financial instability (Docs. 52-1–5) raise concerns about the government's ability to recover absent a bond. *See Nat'l Treasury Emps. Union*, 2025 WL 1441563, at *3 n.4 (an injunction bond "is the moving party's warranty that the law will uphold the issuance of the injunction" (quoting *Edgar v. Mite Corp.*, 457 U.S. 624, 649 (1982) (Stevens, J., concurring))).

The Plaintiffs insist that "[i]mposing a bond requirement would undermine their right to judicial review." Doc. 52 at 5. But as the D.C. Circuit said in rejecting that exact argument, the Plaintiffs' "logic would apply any time a district court grants [injunctive relief]—an exception that swallows the rule." *Nat'l Treasury Emps. Union*, 2025 WL 1441563, at *3 n.4. Indeed, the Plaintiffs' concern applies no more here than it does to every other litigant, *e.g.*, *Klayman v. Jud. Watch, Inc.*, 2025 WL 819556, at *1 (D.D.C. Mar. 13, 2025), and Rule 62(d) sets out the contours of a litigant's right to judicial review. Rule 62 chooses to protect the other party's rights by generally requiring appealing litigants to post a bond for injunctive relief. The Plaintiffs' disagreement with that policy is no reason to disregard the rule's language or its appropriate application here.

## CONCLUSION

For these reasons, the Court should deny the Plaintiffs' emergency motion for an injunction pending appeal. If the Court grants the motion, it should require a full bond.

9

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | */s/ Christopher Mills* |
| DANIEL EPSTEIN | CHRISTOPHER MILLS |
| ANDREW BLOCK | D.D.C. Bar. No. SC0008 |
| America First Legal Foundation | Spero Law LLC |
| 611 Pennsylvania Ave. SE #231 | 557 East Bay St. #22251 |
| Washington, DC 20003 | Charleston, SC 29413 |
| (202) 964-3721 | (843) 606-040 |
| daniel.epstein@aflegal.org | cmills@spero.law |

JULY 15, 2025