# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VERA INSTITUTE OF JUSTICE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-CV-01643-APM |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR INJUNCTION PENDING APPEAL

This Court should deny Plaintiffs' motion for an injunction pending appeal for the same reasons as stated in Defendants' motion to dismiss and opposition to Plaintiffs' motion for a preliminary injunction, ECF No. 26, and in this Court's Memorandum Opinion, ECF No. 47. None of the arguments raised in Plaintiffs' motion justifies reaching a different result than the Court reached in its decision dismissing the complaint and denying preliminary relief.

"The standards for evaluating a motion for an injunction pending appeal are substantially the same as those for issuing a preliminary injunction." *Alcresta Therapeutics, Inc. v. Azar*, 318 F. Supp. 3d 321, 324 (D.D.C. 2018) (citation omitted). Like a preliminary injunction, an "injunction pending appeal is an extraordinary remedy." *Id.* Plaintiffs "must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in [their] favor, and that an injunction is in the public interest." *Id.* (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "[T]he first and most important" of these four factors is whether the movant "ha[s] established a likelihood of success on the merits." *Aamer v. Obama*, 742 F.3d 1023, 1038 (D.C. Cir. 2014). "When a plaintiff has not shown a likelihood of success on the merits, there is no need to consider the remaining factors." *Greater New Orleans Fair Hous. Action Ctr. v. U.S. Dep't of Hous. & Urban Dev.*, 639 F.3d 1078, 1088 (D.C. Cir. 2011).

This Court already held in a detailed opinion that Plaintiffs are not likely to succeed on the merits of any of their claims. Relying on longstanding D.C. Circuit precedent as well as the Supreme Court's decision in *Department of Education v. California*, 145 S. Ct. 966 (2025), this Court correctly concluded that "both APA claims are essentially contractual in nature and belong in the Court of Federal Claims." ECF No. 47 at 15. Plaintiffs have not even attempted to identify any error in this Court's analysis, and instead continue to dispute the precedential value of *Department of Education*. *See* ECF No. 51 at 4-5. But even without that decision, there are no "serious legal questions" regarding the application of the Tucker Act to their APA claims, which is governed by a straightforward application of the D.C. Circuit's decisions in *Ingersoll-Rand Co. v. United States*, 780 F.2d 74 (D.C. Cir. 1985), and *Spectrum Leasing Corp. v. United States*, 764

1

F.2d 891 (D.C. Cir. 1985)—precedents which Plaintiffs continue to "fail to grapple with," ECF No. 47 at 26, and had no answer for at oral argument.

Nor have Plaintiffs pointed to any irreparable harm that could justify the entry of the requested injunction. As the Government has explained, this case is about funding, and the law is clear that recoverable financial losses that do not "threaten[] the very existence of the movant's business" are not irreparable harm. *Wis. Gas Co. v. Fed. Energy Regul. Co.*, 758 F.2d 669, 674 (D.C. Cir. 1985). The other harms that Plaintiffs identify stem from these pecuniary harms, ECF No. 51 at 2, and Plaintiffs fail to meaningfully acknowledge that they can seek "any wrongfully withheld funds through suit in an appropriate forum," *California*, 145 S. Ct. at 969. Nor do the indirect harms to the populations Plaintiffs serve qualify: "harm that might befall unnamed third parties does not satisfy the irreparable harm requirement in the context of emergency injunctive relief, which must instead be connected specifically to the parties before the Court." *Nevada v. Musk*, 769 F. Supp. 3d 1, 7 (D.D.C. 2025) (quoting *Church v. Biden*, 573 F. Supp. 3d 118, 146 (D.D.C. 2021)).

Last, the equities and public interest disfavor injunctive relief. The harm Defendants would face if the Court were to reinstate the grant award contracts pending final resolution of the case would be irreparable given that the Government would be "unlikely to recover the grant funds once they are disbursed." *Dep't of Educ.*, 145 S. Ct. at 969. Moreover, Plaintiffs' argument that restoring funding will alleviate harm to individuals in their communities ignores that the funds at issue here will be awarded to programs that, within the applicable statutory framework, the Department has determined "more directly support" agency priorities. ECF No. 11-4 at 41. And notably, "Plaintiffs have not, for purposes of their preliminary injunction motion, challenged whether the terminated grants are in accord with OJP's priorities." ECF No. 37 at 14 (cleaned up).

On July 11, the Court ordered the Government to state its position as to alternative limited relief. With respect to that request, Defendants do not oppose the entry of an injunction preventing the re-obligation of the terminated grant funding as to the five named Plaintiffs before October 1, 2025.

2

## CONCLUSION

For the reasons set forth above, the Court should deny Plaintiffs' motion for an injunction pending appeal.

DATED: July 15, 2025                                  Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant Attorney
General, Civil Division

ANDREW I. WARDEN
Assistant Director
Federal Programs Branch

*/s/ John Bailey*
John Bailey
Counsel
Ohio Bar No. 104260
United States Department of Justice
Civil Division
950 Constitution Ave. NW
Washington, DC 20005
Phone: (202) 514-6993
Email: john.bailey@usdoj.gov

*Counsel for Defendants*