UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| VERA INSTITUTE OF JUSTICE, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF JUSTICE, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 25-cv-1643 (APM) |

## ORDER

Before the court is Plaintiffs' Emergency Motion for Injunction Pending Appeal, ECF No. 51 [hereinafter Pls.' Mot.]. On July 7, 2025, this court denied Plaintiffs' motion for preliminary injunctive relief and dismissed the case for lack of jurisdiction and failure to state a claim. *See* Mem. Op., ECF No. 47; Order, ECF No. 48. Plaintiffs now seek the same injunctive relief pending appeal pursuant to Federal Rule of Civil Procedure 62(d).

The court assumes the readers' familiarity with the facts of the case. This case is about grants terminated by the Department of Justice's Office of Justice Programs. Plaintiffs seek reinstatement of their grant funding in addition to other declaratory and injunctive relief. Under Rule 62(d), "[w]hile an appeal is pending from an interlocutory order or final judgment that . . . refuses . . . an injunction, the court may . . . grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). An injunction pending appeal "is subject to the same four criteria as a motion for preliminary injunction." *Cigar Ass'n of Am. v. U.S. Food & Drug Admin.*, 317 F. Supp. 3d 555, 560 (D.D.C. 2018) (citing *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 842–43 (D.C. Cir. 1977)). This means that the moving party must establish a likelihood of success on the merits, irreparable harm, that the

balance of the equities tip in its favor, and that an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "[B]y its own terms Rule 62(d) necessarily envisions situations in which a district court that has denied an injunction still grants an injunction pending appeal." *United States v. Facebook*, No. 19-cv-2184 (TJK), 2024 WL 291739, at *1 (D.D.C. Jan. 12, 2024) (citation omitted).

Plaintiffs request an affirmative injunction pending appeal, *i.e.,* reinstatement of their grants. This is "an extraordinary remedy, which disrupts the legal status quo in a way that a stay pending appeal does not." *MediNatura, Inc. v. Food & Drug Admin.*, No. 20-cv-2066 (RDM), 2021 WL 1025835, at *6 (D.D.C. Mar. 16, 2021). Where an affirmative injunction is at issue, "courts generally require 'a strong showing that [the movant] is likely to succeed on the merits.'" *Id.* (quoting Wright *et al.*, 11 Fed. Prac. & Proc. Civ. § 2904 (3d ed.)). But there are "rare cases" where "the threat of irreparable harm may be so grave and the balance of equities may favor a plaintiff so decisively that an injunction pending appeal of a difficult or novel legal question may be proper," "even if the movant's likelihood of success on the merits is uncertain." *Id.* at *6–7. This is not one of those "rare" cases.

First, this case will remain justiciable on appeal without affirmative injunctive relief. "An injunction pending appeal may be especially appropriate where, in the absence of such an injunction, the subject matter of the dispute will be destroyed or otherwise altered in a way that moots the pending appeal." *Id.* at *6. An injunction pending appeal is not necessary here to preserve the court of appeals' ability to consider the case before it becomes moot.

Second, the threat of irreparable harm is not so "grave" as to warrant extraordinary relief. No Plaintiff claims that it will have to close its doors absent immediate reinstatement of their grant funding. They have cited (1) immediate and future loss of staff, Decl. of Nicholas Turner (Vera),

ECF No. 51-1, ¶ 5; Decl. of Steven Ridini (Health Resources in Action), ECF No. 51-2 [hereinafter Ridini Decl.], ¶ 3.a; Decl. of Cynthia Choi (Stop AAPI Hate), ECF No. 51-4 [hereinafter Choi Decl.], ¶ 4; (2) reputational harm, Ridini Decl. ¶ 3.c; and (3) the inability to continue work in their communities, Decl. of Dujuan Kennedy (FORCE Detroit), ECF No. 51-3, ¶ 6; Choi Decl. ¶ 5. The court does not mean to diminish the significance of these harms—they are meaningful. But they are not so "grave" as to warrant a "rare" affirmative injunction pending appeal.

Third, as to the merits, Plaintiffs have not cited any case where a court has entered an injunction pending appeal after dismissing the relevant counts for lack of jurisdiction.[1] *Cf. Schindler Elevator Corp. v. Wash. Metro. Area Transit Auth.*, No. 20-cv-3157 (RC), 2021 WL 663191, at *2 (D.D.C. Feb. 19, 2021) (denying motion for injunction pending appeal where court had concluded jurisdiction was lacking). The court appreciates that the jurisdictional terrain is unsettled. Still, Plaintiffs have not explained why the court was wrong to conclude that *California III* required dismissal of their arbitrary-and-capricious claim, Pls.' Mot. at 4–5, and made no mention of *Spectrum* and *Ingersoll-Rand* until their reply brief as to their contrary-to-law claim, Pls.' Reply at 2–4. The court declines to grant an "extraordinary remedy" of an affirmative injunction when Plaintiffs did not fully grapple with the merits in their own motion.

Nevertheless, the parties have agreed that a narrower injunction is appropriate—one that prevents the re-obligation of the five named Plaintiffs' cancelled grant funding. *See* Pls.' Reply at 5 n.1; Defs.' Opp'n to Pls.' Mot., ECF No. 54 at 2. The court therefore prohibits Defendants from re-obligating or otherwise diminishing the sums awarded but terminated under Plaintiffs' grant agreements. This Order shall remain in effect until October 1, 2025. The parties shall file a Joint

---

[1] Plaintiffs do not argue that there are serious legal questions as to the claims dismissed for failure to state a claim—only those dismissed for lack of jurisdiction. *Compare* Mem. Op. at 12–14, 27–33, *with* Pls.' Mot. at 4–5, *and* Pls.' Reply in Supp. of Pls.' Mot., ECF No. 56 [hereinafter Pls.' Reply], at 1–4 (discussing their arbitrary-and-capricious and contrary-to-law claims).

Status Report by September 29, 2025, which updates the court on the status of appellate proceedings, including whether the court of appeals has granted emergency relief or expedited review. The parties shall advise whether the injunction should be extended.

Given that the court's injunction does not require expenditure of public funds that the government might not be able to recoup, Plaintiffs need not post an injunction bond. *Contra Dep't of Educ. v. California*, 145 S. Ct. 966, 969 (2025); *Nat'l Treasury Emps. Union v. Trump*, No. 25-5157, 2025 WL 1441563, at *3 n.4 (D.C. Cir. May 16, 2025).

Dated: July 21, 2025

                                            Amit P. Mehta
                                            United States District Judge